*511 ORDER
PER CURIAM:
On November 17, 2004, the National Organization of Veterans’ Advocates (mov-ant) as amicus curiae, filed before the Court a motion for leave to file a nonconforming brief. The movant lodged the nonconforming brief on that date as well. The movant acknowledges that the brief does not comply with Rules 29(b) and 32(g) of the Court’s Rules of Practice and Procedure (Rules), because the brief exceeds by 17 pages the 30-page limit set forth in the Rules. The movant asserts that the reason for submitting a longer brief is that this case involves “issues of fundamental and serious importance that have troubled this Court for [ ] four years.” Motion at 2. In order to help the Court with these issues, the movant has used in the brief “unusual techniques to help the Court with these issues, including fictional colloquies to illustrate the [Veterans Claims Assistance Act of 2000, Pub.L. No. 106-475, 114 Stat.2096 (Nov. 9, 2000)] VCAA notification process.” Motion at 3.
The Secretary filed an opposition to the motion on November 17, 2004. The Secretary points out that, to date, neither Din-gess nor Hartman has involved briefs that exceed the page limit prescribed in the Court’s Rules, and, in particular, no party has seen the need to use “unusual techniques” or “fictional colloquies” in making arguments. Secretary’s Opposition at 1-2. However, because the Court finds that this case involves “issues of fundamental and serious importance,” the Court will allow an exception for this particular pleading. See Motion at 2.
Upon consideration of the foregoing, it is
ORDERED that the motion for leave to file a nonconforming brief is GRANTED. The brief is filed as of the date of this order.